UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JW DEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-390** |
| **INDEPENDENT SPECIALTY INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court are defendant, Independent Specialty Insurance Company's ("ISIC"), motions[1] *in limine* and motion[2] for summary judgment. Plaintiff, JW Development, LLC ("JW Development") opposes[3] the motions. Plaintiff has also filed a motion[4] to continue the submission deadlines of said motions, which defendant opposes.[5]

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

---

[1] R. Doc. Nos. 20, 23.
[2] R. Doc. No. 21.
[3] R. Doc. Nos. 26, 27, 28.
[4] R. Doc. No. 40.
[5] R. Doc. No. 48.

477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quotation omitted).

The Court, having considered the parties' memoranda and exhibits, concludes that there are genuine disputes of material fact in this matter. The Court will deny the motion for summary judgment. Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the motions[6] in limine are **DENIED WITHOUT PREJUDICE** to the right of defendant to re-urge them at trial.

**IT IS FURTHER ORDERED** that the motion[7] to continue submission deadlines is **DENIED AS MOOT**.

New Orleans, Louisiana, August 5, 2022.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. Nos. 20, 23.
[7] R. Doc. No. 40.